The Kantrow Law Group, PLLC
Attorneys for Lending Assets LLC
732 Smithtown Bypass, Suite 101
Smithtown, New York 11787
516 703 3672
fkantrow@thekantrowlawgroup.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:  Chapter 11

BARBARA SAFDIEH,  Case No.: 25-40011-ess

                Debtor.

------------------------------------------------------------X

LENDING ASSETS LLC,

                Plaintiff,

      -against-  Adv. Pro. No. 25-

BARBARA SAFDIEH,

                Defendant.

------------------------------------------------------------X

## COMPLAINT

This is an adversary proceeding seeking to determine that the debt due and owing by Barbara Safdieh, the debtor/defendant (the "Debtor" and/or the "Defendant") to Lending Assets, LLC, the plaintiff/creditor (the "Plaintiff" and/or the "Creditor") is in the nature of a debt that cannot be discharged pursuant to section 523 of title 11 of the United States Code (the "Bankruptcy Code").

## JURISDICTION AND VENUE

1. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(1) and 1334.

2. This adversary proceeding relates to the case captioned herein now pending before this Court.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

4. The statutory predicate for the relief sought herein is section 523 of the Bankruptcy Code.

## THE PARTIES

5. The Plaintiff is Lending Assets LLC, ("Lending Assets"), a New York limited liability company with an address for service of process of 33 East 33rd Street, Suite 901, New York, New York 10016.

6. The Defendant is an individual with an address for service of process of 2003 East 5th Street, Brooklyn, New York 11223.

## FACTS

7. On January 2, 2025, (the "Petition Date"), the Defendant, as a Debtor filed a voluntary petition for relief from her creditors pursuant to chapter 11 of the Bankruptcy Code. No trustee, examiner or official committee has been appointed in the bankruptcy case.

8. Prior to the Petition Date, on or about October 27, 2022, the Debtor completed and executed a Personal Financial Statement (the "PFS") in connection with an application seeking to obtain financing from the Plaintiff. The financing sought was in connection with the Debtor's property located at 109 Jerome Avenue, Deal, New Jersey (the "Deal Property"). The owner of the Deal Property, 109 Jerome Avenue, LLC, an entity alleged to be owned in its entirety by the Debtor, had just emerged from its own chapter 11 bankruptcy reorganization. A copy of the PFS is annexed hereto as Exhibit A.

9. According to the Debtor's disclosure set forth in the PFS, as of October 27, 2022, the Debtor stated that:

    a. She had $495,000 of cash in the bank

b. She owned real estate investments in the amount of $53,985,000

c. She had liabilities in the amount of $6,390,000

d. She had yearly salary in the amount of $50,000

e. She had income derived from the operation of real estate in the yearly amount of $850,000

f. She had an ownership interest in John Sullivan Holdings, LLC

g. She disclosed a 100% ownership interest in the Deal Property

h. She disclosed a 100% ownership interest in the real property commonly known as 58 Ocean Avenue, Deal, New Jersey

i. She disclosed a 100% ownership interest in the real property commonly known as 2003 East 5th Street, Brooklyn, New York

j. She disclosed a 100% ownership interest in the real property commonly known as 2031 East 5th Street, Brooklyn, New York

k. She disclosed a 100% ownership interest in the condominium unit located at 641 Fifth Avenue, New York, New York

10. The PFS included the following "representations and warranties" which the Debtor agreed to by signing the PFS: "[T]he information contained in this statement is provided to induce Tower Fund Capital LLC (Tower Fund Capital is related to Lending Assets) to extend or to continue the extension of credit to the undersigned or to others upon the guarantee of the undersigned. The undersigned acknowledge and understand that Tower Fund Capital LLC is relying on the information provided herein in deciding to grant or to continue to grant credit or to accept a guarantee thereof. Each of the undersigned represents, warrants, and certifies that the information provided herein is true, correct, and complete. Each of the undersigned agrees to

notify the Tower Fund Capital LLC immediately and in writing of any changes in name, address or employment and of any material adverse change (1) in any of the information contained in this statement; or (2) in the financial condition of any of the undersigned; or (3) in the ability of any of the undersigned to perform their obligations to the Tower Fund Capital LLC.  In the absence of such notice or a new and full written statement, this should be considered as a continuing statement and substantially correct.  If the undersigned fail to notify the Tower Fund Capital LLC as required above, or if any of the information herein should prove to be inaccurate or incomplete in any material respect, the Tower Fund Capital LLC may declare the indebtedness of the undersigned or the indebtedness guaranteed by the undersigned, as the case may be, immediately due and payable. Tower Fund Capital LLC is authorized to make all inquiries it deems necessary to verify the accuracy of the information contained herein and to determine the creditworthiness of the undersigned.  Each of the undersigned authorizes Tower Fund Capital LLC to answer questions about the Tower Fund Capital LLC credit experience with the undersigned.  As long as any obligation or guarantee of the undersigned to Tower Fund Capital LLC is outstanding, the undersigned shall supply annually and updated personal financial statement.  This personal financial statement and any other financial or other information that the undersigned gives Bank shall become the property of the Tower Fund Capital LLC." The Debtor signed the statement contained in the PFS on October 27, 2022.

11. In addition to the statement contained in paragraph 10 herein, the Debtor also executed the form pursuant to which she disclosed her various ownership interests in various real property as set forth in paragraph 9 herein.

12. As it turns out, the Debtor's statements contained throughout the PFS were false and misleading.  As evidenced by the Debtor's chapter 11 petition and schedules, as of the Petition

Date, the Debtor held *no* interests in any real property. Rather, each of the parcels were owned by entities which the Debtor now alleges she owns 100% interests in.

13. The Debtor testified that no rents are collected and she further swore to that statement in connection with the chapter 11 bankruptcy petition and schedules.

14. The Debtor testified and further swore to the statement in connection with the chapter 11 bankruptcy petition and schedules that she had *no* pre-petition bank accounts, let alone nearly one-half a million dollars on deposit.

15. The Debtor testified and further swore to the statement in connection with the chapter 11 bankruptcy petition and schedules that she has little if any income.

16. In short, the Debtor's disclosure in the PFS was intentionally false and misleading and was made to induce the Plaintiff into extending credit.

### AS AND FOR A FIRST CAUSE OF ACTION FOR RELIEF
### NON DISCHARGEABILITY PURSUANT TO 11. U.S.C. § 523(a)(2)(A)

17. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 16 as if each were more fully set forth herein.

18. Section 523(a)(2)(A) of the Bankruptcy Code provides in pertinent part that a debt for money, property or services, should be excepted from discharge to the extent obtained by false pretenses, a false representation, or actual fraud.

19. The Debtor owes a debt to the Plaintiff.

20. Based upon the detailed allegations of fraud set forth herein, the Debtor acted with intent to defraud the Plaintiff by submitting intentionally false and misleading statements to the Plaintiff in order to induce the Plaintiff into extending credit.

21. The funds obtained by the Debtor at the expense of the Plaintiff were obtained by false pretenses, false statements and representations and actual fraud.

22. The Plaintiff relied upon the representations made by the Debtor and extended the Plaintiff credit based upon the information provided by the Debtor.

23. The Debtor's fraudulent scheme was the direct and proximate cause of the debt owed to the Plaintiff.

24. By virtue of the foregoing, the debt to the Plaintiff must be excepted from any discharge to which the Debtor may otherwise be entitled pursuant to section 523(a)(2)(A) of the Bankruptcy Code.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter an Order denying the discharge of the debt owed to the Plaintiff by the Defendant pursuant to sections 523(a)(2)(A) of the Bankruptcy Code.

Dated: Smithtown, New York
April 2, 2025

        The Kantrow Law Group, PLLC
        Attorneys for Lending Assets LLC

BY:    S/Fred S. Kantrow
        Fred S. Kantrow
        732 Smithtown Bypass, Suite 101
        Smithtown, New York 11787
        516 703 3672
        fkantrow@thekantrowlawgroup.com